UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL D. JENNINGS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv00251 AS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about April 14, 2006, *pro se* petitioner, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on November 27, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. He was the subject of a prisoner disciplinary proceeding which found that he had committed a battery upon another person without a weapon or inflicted serious injury. The sanction included an earned time credit deprivation of 60 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). The sanction also included disciplinary segregation for 30 days and a loss of phone privileges for 60 days. These latter two items do not constitute

a loss of a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995). The proceedings were had at the Westville Correctional Facility in December 2005 under case number WCC 05-11-0477. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). The so-called ADP and violations of the ADP generally are not considered violations of federal law. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). This court does not bottom any decision here on harmless error. It needs to be remembered that there is no constitutional right in these proceedings to confront and cross-examine witnesses.

Apparently there was some request made by this petitioner in the proceeding described for the medical records of another offender named Vaughn. Obviously there are serious privacy concerns in the context of this type of institution with regard to the privacy of medical information. Indeed the officials could become very seriously entangled in legal and

judicial proceedings if they disclose medical privacy information from one inmate to another. This petitioner has certainly failed to show that the withholding of medical information on offender Vaughn violated his rights under the Constitution of the United States.

This court has looked closely at the claim of this pro se petitioner that he was improperly denied evidence and simply cannot find a basis for that claim that would somehow violate the Fourteenth Amendment of the Constitution of the United States. A careful review of the matter fails to demonstrate that this petitioner has sustained his burden to establish a basis for relief under 28 U.S.C. §2254, and such is now **DENIED**.  **IT IS SO ORDERED**.

DATED:  January 5, 2007

                                          **S/ ALLEN SHARP**
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**